UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSEPH GARDI, | Case No.1:22-cv-00410 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge William H. Baughman, Jr. |
| OPTUM RX ADMINISTRATIVE SERVICES, LLC, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

Plaintiff filed suit in State court against Optum Infusion Services and OptumRx Administrative Services alleging negligence and violation of the Ohio Consumer Sales Practices Act. (ECF No. 1-3.) Plaintiff alleges that he receives pharmacy services from Defendants, but neither he nor the removal papers provide a succinct explanation of what Defendants do or what their relationship to Mr. Gardi might be. It appears that they administer prescription drug services for a healthcare plan. But Plaintiff says they are pharmacies. Whatever the case, Plaintiff received prescription drug coverage through his ex-wife's employer-sponsored health benefit plan, the HCA Health and Welfare Benefits Plan, which is not a party to this action. (ECF No. 1, ¶ 5, PageID #2.)

Defendants removed this action under 28 U.S.C. § 1331 on the basis of federal question jurisdiction. (ECF No. 1.) In support of removal, Defendants assert that Plaintiff's claims fall under the preemptive scope of the Employment Retirement

Income Security Act of 1974. (*Id.*) Plaintiff did not initially move to remand or otherwise object to removal.

However, the Court has an independent obligation to ensure it has jurisdiction. Consistent with that obligation, the Court ordered Plaintiff to address the issue of federal jurisdiction and, in particular, whether Plaintiff's claims are preempted by ERISA. (ECF No. 7.) In response to the Court's order, Plaintiff opposed the position on jurisdiction Defendants took in their removal papers. (ECF No. 8.) For the reasons that follow, the Court determines that it lacks jurisdiction and **REMANDS** this case to the Cuyahoga County Court of Common Pleas.

## BACKGROUND

In 2015, Plaintiff Joseph Gardi was diagnosed with several chronic medical conditions, including neurotoxicity of the brain and common variable deficiency. (ECF No. 1-3, ¶ 1, PageID # 38.) Mr. Gardi's conditions are treatable through medications. (*Id.*, ¶ 2, PageID # 39.) As part of his treatment, Mr. Gardi received pharmacy services from Defendants. (*Id.*, ¶ 7.) Mr. Gardi claims that Defendants wrongfully delayed administering his prescriptions and substituted his prescribed medications with less expensive brands. (ECF No. 1-3, ¶¶ 7, 18, 20–25, PageID #39 & 41.)

Plaintiff filed this action in State court, asserting claims for negligence and violation of the Ohio Consumer Sales Practices Act. (*Id.*, ¶¶ 26–43, PageID #41–43.) Also, he alleges that Defendants engaged in improper billing practices and ultimately terminated him as a customer. (*Id.*, ¶¶ 23–25, PageID #41.)

2

Plaintiff claims violation of the Consumer Sales Practices Act based on Defendants' alleged attempts to change a prescription to its generic equivalent. (*Id.*, ¶ 31, PageID #42.) Further, he alleges that Defendants delayed or denied delivery of necessary medications and medical supplies for his conditions. (*Id.*, ¶¶ 32 & 33.) Additionally, Plaintiff avers that Defendants approved him as a self-pay patient then reversed course without notice in violation of the Act. (*Id.*, ¶ 35.) As for Plaintiff's negligence claim, the complaint alleges that Defendants owe a duty of care to their customers to fill prescriptions without delay and breached that duty by, among other things, denying him necessary medicine and supplies under false pretenses. (*Id.*, ¶¶ 40 & 42, PageID #43.)

Defendants removed this matter to federal court on the basis of federal question jurisdiction, contending that Plaintiff's claims are preempted by ERISA. ([ECF No. 1](), ¶¶ 12–16, PageID #4–5.) On removal, the record shows prior ERISA litigation between Plaintiff and UnitedHealthcare Services in the Southern District of Florida. *Gardi v. UnitedHealthcare Servs., Inc.*, No. 9:19-cv-80369 (S.D. Fla.). That litigation resulted in summary judgment in favor of the defendant on March 11, 2022.

## ANALYSIS

### I.  ERISA Preemption Principles

Federal courts have limited jurisdiction. To remove a case to federal court, the removing party must prove that a federal court has original jurisdiction. 28 U.S.C. §§ 1441 & 1446. Federal courts have original jurisdiction over cases that "aris[e] under" federal law. *Id.*, § 1331. To determine whether a case arises under federal law, courts generally look to the face of the plaintiff's complaint. *Aetna Health Inc. v.*

3

*Davila*, 542 U.S. 200, 207 (2004). "After all, the general rule says the plaintiff is the master of her complaint and gets to choose where and how to sue." *K.B. ex rel. Qassis v. Methodist Healthcare-Memphis Hosps.*, 929 F.3d 795, 799 (6th Cir. 2019) (citing *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913)). "[U]nder the ordinary test for federal jurisdiction," a complaint based only on State law "stays where it started—in state court." *Id.* However, a case alleging a State-law claim can be removed "when a federal statute wholly displaces the [S]tate-law cause of action through complete preemption." *Weil v. Process Equip. Co. of Tipp City*, 879 F. Supp. 2d 745, 748 (S.D. Ohio 2012) (quoting *Davila*, 542 U.S. at 207).

ERISA is a federal statute that completely preempts State law. *K.B.*, 929 F.3d at 799 (citing *Davila*, 542 U.S. at 207–08). To ensure uniform enforcement, ERISA provides an exhaustive list of "remedies and sanctions" that are available to plan participants, beneficiaries, and fiduciaries in federal court. 29 U.S.C. § 1132(a); *Davila*, 542 U.S. at 208. Indeed, courts describe ERISA's preemption clause as "one of the broadest ever enacted by Congress." *General Am. Life Ins. Co. v. Castonguay*, 984 F.2d 1518, 1521 (9th Cir. 1993). "ERISA is a statute unique in its preemptive effect, and its purpose is among the broadest, if not the broadest, recognized by the Supreme Court." *Weigandt v. Farm Bureau Gen. Ins. Co. of Mich.*, 54 F. Supp. 3d 756, 760 (E.D. Mich. 2014) (cleaned up).

Although ERISA's preemptive effect is broad, removal statutes are construed against the party seeking removal. "[I]n the interest of comity and federalism, federal jurisdiction should be exercised only when it is clearly established, and any ambiguity

4

regarding the scope of § 1446(b) should be resolved in favor of remand to the state courts." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

In *Davila*, the Supreme Court articulated a two-prong test to determine whether a claim falls in the category that is completely preempted or in the category not preempted. 542 U.S. at 210. A State-law claim is preempted by ERISA if: "(1) the plaintiff complains about the denial of benefits to which he is entitled 'only because of the terms of an ERISA-regulated employee benefit plan'; and (2) the plaintiff does not allege the violation of any 'legal duty (state or federal) independent of ERISA or the plan terms.'" *Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609, 612 (6th Cir.2013) (quoting *Davila*, 542 U.S. at 210).

## II.     Application to Plaintiff's Claims

Based on the record as it stands, the Court determines that Defendants have not established that ERISA completely preempts Plaintiffs claims. "By its plain terms, the two-pronged test of *Davila* is in the conjunctive. A state-law cause of action is preempted by [ERISA] only if both prongs of the test are satisfied." *Gardner*, 715 F.3d at 613 (cleaned up). But as pled, Plaintiff's claims allege a legal duty independent of ERISA and the terms of the plan that governs the prescription benefits at issue.

### II.A.   Complaint About Benefits

To determine whether a claim satisfies the first prong of the *Davila* test, courts look beyond the "label placed on a state law claim" and instead ask "whether in essence such a claim is for the recovery of an ERISA plan benefit." *Hogan v. Jacobson*,

5

823 F.3d 872, 880 (6th Cir. 2016) (quoting *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 469 (6th Cir. 2002)). A claim "likely falls within the scope of [ERISA] when the only action complained of is a refusal to provide benefits under an ERISA plan and the only relationship between the plaintiff and defendant is based on the plan." *Id.* (quoting *Davila*, 542 U.S. at 211).

The record meets this standard. In essence, Plaintiff alleges improper denial and handling of claims for prescription drug benefits. (ECF No. 1, ¶ 14, Page ID #5.) These benefits arise under the plan, as does the relationship between the parties. Looking beyond the labels of the claims asserted, Plaintiff seeks plan benefits. (ECF No. 1-3, ¶¶ 7, 18, 20–25, PageID #39 & 41.) Even Plaintiff's claim about deceptive billing practices returns to the central allegation that Mr. Gardi attempted to about pharmacy benefits to which he was entitled because of an ERISA plan. (*Id.*, ¶¶ 23–25, PageID #41.) Therefore, this aspect of the test for ERISA preemption is satisfied.

**II.B. Independent Legal Duty**

"The question under the second prong of *Davila* is whether the complaint relies on a legal duty that arises independently of ERISA." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 950 (9th Cir. 2009). Such is the case here. Plaintiff bases his claims for negligence and violation of the Ohio Consumer Sales Practices Act on duties independent of an ERISA plan. Specifically, the complaint alleges that Defendants violated duties under State law. (ECF No. 1-3, ¶¶ 40 & 42, PageID #43.) "A state-law tort is independent of ERISA when the duty conferred was not derived from, or conditioned upon, the terms of the plan and there is no need to

6

interpret the plan to determine whether that duty exists." *Milby v. MCMC LLC*, 844 F.3d 605, 611 (6th Cir. 2016) (cleaned up).

On the face of the complaint, the violations of State-law Plaintiff alleges fall within this narrow exception to ERISA preemption. That might change as the case develops. *See* 28 U.S.C. § 1446(b)(3). It might be the case that Plaintiff cannot proceed with his claims without resort to or examination of the plan and its terms or that the duties on which he relies do not exist independently of State law. At this stage of the proceedings, however, the record, construction of the complaint in Plaintiff's favor, and the presumption against removal push in the other direction.

## CONCLUSION

For the foregoing reasons, the Court **REMANDS** this case to the Cuyahoga County Court of Common Pleas.

**SO ORDERED.**

Dated: April 29, 2022

J. Philip Calabrese  
United States District Judge  
Northern District of Ohio